UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ORIGINAL

- - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA                 :     **SEALED SUPERSEDING**
                                               **INDICTMENT**
          - v. -                         :
                                               S1 13 Cr. 834
ALEX YÜCEL,                              :
     a/k/a "Alex Yucel,"
     a/k/a "Alex Yucle,"                 :
     a/k/a "Alex Yuecel,"
     a/k/a "marjinz"                     :
     a/k/a "Victor Soltan,"
                                         :
          Defendant.
                                         :

- - - - - - - - - - - - - - - - - -x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/25/13

**COUNT ONE**
**(Conspiracy to Commit Computer Hacking)**

The Grand Jury charges:

1.    From at least in or about June 2010, up to and
including in or about October 2013, in the Southern District of
New York and elsewhere, ALEX YÜCEL, a/k/a "Alex Yucel," a/k/a
"Alex Yucle," a/k/a "Alex Yuecel," a/k/a "marjinz," a/k/a
"Victor Soltan," the defendant, and others known and unknown,
willfully and knowingly combined, conspired, confederated, and
agreed together and with each other to engage in computer
hacking, in violation of Title 18, United States Code, Section
1030(a)(5)(A).

2.    It was a part and an object of the conspiracy that
ALEX YÜCEL, a/k/a "Alex Yucel," a/k/a "Alex Yucle," a/k/a "Alex
Yuecel," a/k/a "marjinz," a/k/a "Victor Soltan," the defendant,
and others known and unknown, knowingly would and did cause the

transmission of a program, information, code and command, and, as a result of such conduct, would and did intentionally cause damage without authorization, to a protected computer, which would and did cause damage affecting 10 and more protected computers during a one-year period, in violation of Title 18, United States Code, Sections 1030(a)(5)(A), 1030(c)(4)(B)(i) and (c)(4)(A)(i)(VI), to wit, YÜCEL used malicious software to infect computers and sold that malicious software to others, enabling them to infect and remotely control victims' computers.

## OVERT ACTS

3.     In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a.     On or about June 30, 2010, an individual not identified herein distributed a copy of a certain malicious software program known as a Remote Access Tool (the "RAT") to an individual who was in the Southern District of New York.

b.     On or about November 8, 2012, ALEX YÜCEL, a/k/a "Alex Yucel," a/k/a "Alex Yucle," a/k/a "Alex Yuecel," a/k/a "marjinz," a/k/a "Victor Soltan," the defendant, remitted payment to a certain company ("Company-1") for the lease of certain computers.

2

c.    On or about January 30, 2013, YÜCEL remitted payment to Company-1 for the lease of certain computers.

d.    On or about March 18, 2013, YÜCEL sent an email to Company-1 regarding technical difficulties with certain computers leased from Company-1.

(Title 18, United States Code, Section 1030(b).)

## COUNT TWO
### (Distribution of Malicious Software)

The Grand Jury further charges:

4.    From at least in or about June 2010, up to and including in or about October 2013, in the Southern District of New York and elsewhere, ALEX YÜCEL, a/k/a "Alex Yucel," a/k/a "Alex Yucle," a/k/a "Alex Yuecel," a/k/a "marjinz," a/k/a "Victor Soltan," the defendant, knowingly caused the transmission of a program, information, code, and command, and as a result of such conduct, intentionally caused damage without authorization to a protected computer, and thereby caused damage affecting 10 and more protected computers during a one-year period, to wit, YÜCEL used malicious software to infect computers and sold that malicious software to others, enabling them to infect and remotely control victims' computers.

(Title 18, United States Code, Sections 1030(a)(5)(A), 1030(c)(4)(B)(i) and (c)(4)(A)(i)(VI), and 2.)

3

## COUNT THREE
### (Conspiracy to Commit Access Device Fraud)

The Grand Jury further charges:

5.    From at least in or about June 2010, up to and including in or about October 2013, in the Southern District of New York and elsewhere, ALEX YÜCEL, a/k/a "Alex Yucel," a/k/a "Alex Yucle," a/k/a "Alex Yuecel," a/k/a "marjinz," a/k/a "Victor Soltan," the defendant, and others known and unknown, willfully and knowingly did combine, conspire, confederate and agree together and with each other to commit offenses under Title 18, United States Code, Section 1029(a), to wit, YÜCEL sold malicious software that included a feature specifically designed to steal credit/debit card account information from victims.

6.    It was a part and object of the conspiracy that ALEX YÜCEL, a/k/a "Alex Yucel," a/k/a "Alex Yucle," a/k/a "Alex Yuecel," a/k/a "marjinz," a/k/a "Victor Soltan," the defendant, and others known and unknown, knowingly, and with intent to defraud, and affecting interstate and foreign commerce, would and did traffic in and use one and more unauthorized access devices during any one-year period, and by such conduct would and did obtain a thing of value aggregating $1,000 and more during that period, in violation of Title 18, United States Code, Section 1029(a)(2).

4

7.    It was further a part and an object of the conspiracy that ALEX YÜCEL, a/k/a "Alex Yucel," a/k/a "Alex Yucle," a/k/a "Alex Yuecel," a/k/a "marjinz," a/k/a "Victor Soltan," the defendant, knowingly, and with intent to defraud, and affecting interstate and foreign commerce, would and did produce, traffic in, have control and custody of, and possess device-making equipment, in violation of Title 18, United States Code, Section 1029(a)(4).

## OVERT ACTS

8.    In furtherance of the conspiracy and to effect the illegal objects thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a.    On or about June 30, 2010, an individual not identified herein distributed the RAT to an individual who was in the Southern District of New York.

b.    On or about November 8, 2012, ALEX YÜCEL, a/k/a "Alex Yucel," a/k/a "Alex Yucle," a/k/a "Alex Yuecel," a/k/a "marjinz," a/k/a "Victor Soltan," the defendant, remitted payment to Company-1 for the lease of certain computers.

c.    On or about January 30, 2013, YÜCEL remitted payment to Company-1 for the lease of certain computers.

d.    On or about March 18, 2013, YÜCEL sent an email to Company-1 regarding technical difficulties with certain computers leased from Company-1.

(Title 18, United States Code, Section 1029(b)(2).)

## COUNT FOUR
### (Access Device Fraud)

The Grand Jury further charges:

9.    From at least in or about June 2010, up to and including in or about October 2013, in the Southern District of New York and elsewhere, ALEX YÜCEL, a/k/a "Alex Yucel," a/k/a "Alex Yucle," a/k/a "Alex Yuecel," a/k/a "marjinz," a/k/a "Victor Soltan," the defendant, knowingly, and with intent to defraud, and affecting interstate and foreign commerce, produced, trafficked in, had control and custody of, and possessed device-making equipment, to wit, YÜCEL created and distributed certain malicious software that was designed to, among other things, steal victims' credit and debit card account numbers.

(Title 18, United States Code, Sections 1029(a)(4) and 2.)

## COUNT FIVE
### (Aggravated Identity Theft)

The Grand Jury further charges:

10.    From at least in or about June 2010, up to and including in or about October 2013, in the Southern District of New York and elsewhere ALEX YÜCEL, a/k/a "Alex Yucel," a/k/a

"Alex Yucle," a/k/a "Alex Yuecel," a/k/a "marjinz," a/k/a "Victor Soltan," the defendant, knowingly transferred, possessed, and used, without lawful authority, a means of identification of another person, to wit, social security numbers, credit/debit card account numbers, and other personal identification information, during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), to wit, the offenses charged in Counts One through Four of this Indictment.

(Title 18, United States Code, Sections 1028A and 2.)

### FORFEITURE ALLEGATIONS

11.   As a result of committing one or more of the offenses alleged in Counts One through Four of this Indictment, ALEX YÜCEL, a/k/a "Alex Yucel," a/k/a "Alex Yucle," a/k/a "Alex Yuecel," a/k/a "marjinz," a/k/a "Victor Soltan," the defendant, shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2)(B), any property constituting, or derived from, proceeds obtained directly or indirectly as a result of one or more of the offenses.

12.   As a result of committing one or more of the offenses alleged in Counts One and Two of this Indictment, ALEX YÜCEL, a/k/a "Alex Yucel," a/k/a "Alex Yucle," a/k/a "Alex Yuecel," a/k/a "marjinz," a/k/a "Victor Soltan," the defendant, shall forfeit to the United States, pursuant to 18 U.S.C. §

7

1030(i)(1)(A), any personal property used or intended to be used to commit the offense including, but not limited to:

      a.   All right, title, and interest in any computers leased from Company-1; and

      b.   All right, title, and interest in the domain names www.blackshades.ru and www.bshades.eu.

13.   As a result of committing one or more of the offenses alleged in Counts Three and Four of this Indictment, ALEX YÜCEL, a/k/a "Alex Yucel," a/k/a "Alex Yucle," a/k/a "Alex Yuecel," a/k/a "marjinz," a/k/a "Victor Soltan," the defendant, shall forfeit to the United States, pursuant to 18 U.S.C. § 1029(c)(1)(C), any personal property used or intended to be used to commit the offense including, but not limited to:

      a.   All right, title, and interest in any computers leased from Company-1; and

      b.   All right, title, and interest in the domain names www.blackshades.ru and www.bshades.eu.

## SUBSTITUTE ASSETS PROVISION

14.   If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

      a.   cannot be located upon the exercise of due diligence;

      b.   has been transferred or sold to, or deposited with, a third person;

8

c.    has been placed beyond the jurisdiction of the Court;

d.    has been substantially diminished in value; or

e.    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C. § 982(b)(1) and 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 982(a)(2)(A), 982(a)(2)(B), and Title 21, United States Code, Section 853(p).)


_Kathleen Sweeth_
FOREPERSON

_Preet Bharara_
PREET BHARARA
United States Attorney

9

Form No. USA-33s-274 (Ed. 9-25-58)

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

### UNITED STATES OF AMERICA

- v -

ALEX YÜCEL,
a/k/a "Alex Yucel,"
a/k/a "Alex Yucle,"
a/k/a "Alex Yuecel,"
a/k/a "marjinz,"
a/k/a "Victor Soltan,"

**Defendant.**

### SEALED INDICTMENT

S1 13 Cr. 834

18 U.S.C. §§ 1030(b)(2), 1030(a)(5)(A),
1030(c)(4)(B)(i), (c)(4)(A)(i)(VI),
1029(b)(2), 1029(a)(4), 1028A, and 2.

PREET BHARARA
United States Attorney.

**A TRUE BILL**

*Kathleen Purcik*

Foreperson.

1/25/13

*Filed Sealed Superseding Indictment*
*(Yw issued*

*Judge Andrew Peck*